UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60330-CIV-COHN

CHRISTINE TIMMON,

    Plaintiff,

v.

GOVERNOR RICK SCOTT, et al.,

    Defendants.
_____/

## FINAL ORDER OF DISMISSAL WITH PREJUDICE

**THIS CAUSE** is before the Court on Plaintiff's *pro se* Complaint Under 42 U.S.C. § 1983 [DE 1] ("Complaint") and Plaintiff's Application to Proceed Without Prepaying Fees or Costs [DE 3] ("Application"). The Court has carefully reviewed the Complaint and Application and is otherwise fully advised in the premises.

Before considering Plaintiff's Application, the Court must conduct a screening of the Complaint in accordance with 28 U.S.C. § 1915(e)(2)(B). The Court is required to dismiss the Complaint upon finding that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). A complaint is "frivolous" under § 1915(e)(2)(B)(i) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are governed by the same standard as those under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (holding that a complaint may survive a Rule 12(b)(6) motion to dismiss only if it

contains factual allegations that are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)" (footnote & citation omitted)); Ashcroft v. Iqbal, 555 U.S. 662, 678-79 (2009) (explaining that a court need not accept legal conclusions as true and that only well-pleaded factual allegations are entitled to an assumption of truth). Although *pro se* pleadings are held to a less stringent standard and construed liberally, see Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), a *pro se* complaint must satisfy the basic pleading requirements of applicable law and the Federal Rules of Civil Procedure.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

Plaintiff has filed this action against the Governor of Florida, the Florida Attorney General, and members of the Florida Legislature.  While Plaintiff's Complaint is rambling and difficult to follow, she essentially claims that the United States Government lacks constitutional authority to regulate immigration.  The Complaint seeks to compel Defendants (1) to stop enforcing federal immigration laws, (2) to take various actions regarding illegal immigration, and (3) to pay Plaintiff and other Florida citizens monetary damages.

Even construed liberally, Plaintiff's Complaint is frivolous and does not state a claim for relief.  Well-established law makes plain that the federal government may legally regulate immigration:

> The Government of the United States has broad, undoubted power over the subject of immigration and the status of aliens.  This authority rests, in part, on the National Government's constitutional power to "establish an uniform Rule of Naturalization," U.S. Const., Art. I, § 8, cl. 4, and its inherent power as sovereign to control and conduct relations with foreign nations.

> The federal power to determine immigration policy is well settled.  Immigration policy can affect trade, investment, tourism, and diplomatic relations for the entire Nation, as well as the perceptions and expectations of aliens in this country who seek the full protection of its laws.  Perceived mistreatment of aliens in the United States may lead to harmful reciprocal treatment of American citizens abroad.

Arizona v. United States, 132 S. Ct. 2492, 2498 (2012) (citations omitted).  Further, most of the Defendants named in this action are state legislators, who are "entitled to absolute immunity from liability under § 1983 for their legislative activities."  Bogan v. Scott-Harris, 523 U.S. 44, 49 (1998) (citing Tenney v. Brandhove, 341 U.S. 367, 372 (1951)).  This long-recognized immunity is based on the principle that "the exercise of legislative discretion should not be inhibited by judicial interference or distorted by the fear of personal liability."  Id. at 52 (citing Tenney, 341 U.S. at 377).  For these and other reasons, Plaintiff's Complaint must be dismissed for frivolousness, failure to state a claim, and seeking monetary relief against defendants immune from such relief.

Although the court "should freely give leave [to amend a pleading] when justice so requires," Fed. R. Civ. P. 15(a)(2), the court may dismiss an action with prejudice "if a more carefully drafted complaint could not state a claim."  Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1213 (11th Cir. 2001) (internal quotation marks omitted).  Here, Plaintiff's claims are legally groundless, and no amount of re-drafting could cure that basic problem.  The Court therefore finds that dismissal with prejudice is appropriate.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the above-styled action is **DISMISSED WITH PREJUDICE**;

2. Plaintiff's Application to Proceed Without Prepaying Fees or Costs [DE 3] is **DENIED**; and

3. The Clerk of Court shall **CLOSE** this case and **DENY AS MOOT** all other pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 22nd day of February, 2013.

JAMES I. COHN
United States District Judge

Copies provided to:

Christine Timmon, *pro se*
12 SE 20 Street, #1
Fort Lauderdale, FL  33316